UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

7-ELEVEN, INC.,
a Texas corporation,

       Plaintiff,

v.

MEDFORD MART INC., a New York
Corporation; and AMANDEEP SINGH, an
individual,

       Defendants.

Civil No.

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, AND TRADEMARK DILUTION**

Plaintiff, 7-Eleven, Inc. ("7-Eleven"), complains against defendants Medford Mart Inc. ("Medford Mart") and Amandeep Singh, doing business as U-MART, as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, 7-Eleven, Inc. ("7-Eleven"), is a Texas corporation which is doing business in the State of New York and has its principal place of business at One Arts Plaza, 1722 Routh Street, Suite 1000, Dallas, Texas 75201.

2. Defendant, Medford Mart Inc. ("Medford Mart"), upon information and belief, is a New York corporation doing business as "U-Mart" at 2222 Route 112, Medford, New York 11763.

3. Defendant, Amandeep Singh, an individual, upon information and belief, is not a citizen of the State of Texas, and is a controlling principal of defendant Medford Mart. (Defendants Medford Mart and Amandeep Singh are collectively referred to as "Defendants").

4834-1149-7763

4. This Court has jurisdiction by virtue of the following facts: (1) this is a civil action arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, jurisdiction being expressly conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a); and (2) this is a civil action in which plaintiff and defendants are citizens of different states and the value of the matter in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs, jurisdiction being expressly conferred in accordance with 28 U.S.C. § 1332(a). This Court has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. § 1338(b).

5. Venue is proper in the Eastern District of New York in accordance with 28 U.S.C. § 1391(b) because a substantial part of the events or omissions that give rise to this claim have occurred in this judicial district.

## FACTUAL BACKGROUND

6. Since long prior to the acts of the Defendants complained of herein, 7-Eleven has been engaged in the business, *inter alia*, of offering convenience store services and products to the general public at various locations throughout the United States, including within this judicial district.

7. Since at least as early as 1946, long prior to the acts of the Defendants complained of herein, 7-Eleven has provided its aforesaid convenience store services under the trade name and trademark 7-ELEVEN.

8. There are currently over 7,000 convenience stores throughout the United States, including within the State of New York, being operated by 7-Eleven or its franchisees under the aforesaid 7-ELEVEN name and mark.

9. Since long prior to the acts of Defendants complained of herein, 7-Eleven's 7-ELEVEN mark has been displayed on, *inter alia*, signage for its convenience stores. A

primary signage display of the 7-ELEVEN mark is a multicolored logo featuring the colors green, red, and white, with a primarily red "7" traversed by a word element displayed in green capital block letters, all displayed against a white background within a four-sided shape which tapers at the bottom and is defined by a green border ("7-ELEVEN Logo"), as depicted below:



10.     Since long prior to the acts of Defendants complained of herein, 7-Eleven has offered its aforesaid convenience store services under a distinctive striped mark consisting of three solid stripes in the colors orange, green, and red separated by white breaks ("7-Eleven Striped Mark").  A very common display of the 7-Eleven Striped Mark is on store front fascia flanking a variation of the 7-ELEVEN Logo, as depicted below:



11.     Since long prior to the acts of the Defendants complained of herein, 7-Eleven and its franchisees annually have sold nationally billions of dollars of products and services under each of its aforesaid 7-ELEVEN name, mark, and logo and the 7-Eleven Striped Mark and have

3

annually spent millions of dollars to advertise and promote its convenience store services and related goods and services nationally under the aforesaid trade identities.

12. Since long prior to the acts of the Defendants complained of herein, 7-Eleven has owned an invaluable goodwill which is symbolized by each of the aforesaid 7-ELEVEN name, mark, and logo and the 7-Eleven Striped Mark, the use of which substantially increases the value of 7-Eleven's and its franchisees' 7-ELEVEN stores and the salability of the goods and services sold through them.

13. By virtue of the aforesaid extensive use, advertising, and promotion, and since long prior to the acts of the Defendants complained of herein, each of 7-Eleven's aforesaid 7-ELEVEN name, mark, and logo and the 7-Eleven Striped Mark became well known among consumers, and has acquired a strong secondary meaning signifying 7-Eleven, and each of the 7-ELEVEN name, mark, and logo became famous.

14. 7-Eleven has registered its aforesaid 7-ELEVEN mark and logo in the United States Patent and Trademark Office. Such registrations include, but are not limited to, the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| [7-ELEVEN logo] | 718,016 | 07/04/1961 | Retail grocery service |
| 7-ELEVEN | 896,654 | 08/11/1970 | Retail grocery store service |
| [7-ELEVEN logo] | 920,897 | 09/21/1971 | Retail grocery store services |

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| 7-ELEVEN (logo) | 961,594 | 06/19/1973 | Various flavors of soft drinks |
| 7-ELEVEN (logo) | 1,035,454 | 03/09/1976 | Sandwiches |
| 7-ELEVEN (logo) | 1,288,594 | 08/07/1984 | Gasoline |
| 7-ELEVEN (logo) | 1,402,425 | 07/22/1986 | Soft drinks for consumption on or off the premises |
| 7-ELEVEN | 1,702,010 | 07/21/1992 | Coffee for consumption on or off the premises |
| 7-ELEVEN | 2,152,472 | 04/21/1998 | Telephone calling card services |
| 7-ELEVEN (logo) | 2,642,740 | 10/29/2002 | Coffee, and semi-frozen flavored coffee-based beverages, for consumption on or off the premises; Soft drinks and semi-frozen soft drinks for consumption on or off the premises |
| 7-ELEVEN | 2,685,684 | 02/11/2003 | Retail store services featuring gasoline and retail store services featuring convenience store items |
| 7-ELEVEN (logo) | 2,751,552 | 08/19/2003 | Clothing, namely caps |

5

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| 7-ELEVEN | 2,765,976 | 09/23/2003 | Pens and stationery-type portfolios; Clothing, namely caps, jackets, shirts |
| [7-ELEVEN logo] | 2,834,419 | 04/20/2004 | Retail convenience store services |
| 7-ELEVEN | 2,914,788 | 12/28/2004 | Gasoline |
| 7-ELEVEN | 3,338,512 | 11/20/2007 | Gift card services and debit card services |

The aforesaid registrations are valid, subsisting, owned by 7-Eleven, and Reg. Nos. 718,016; 896,654; 920,897; 961,594; 1,035,454; 1,288,594; 1,402,425; 1,702,010; 2,152,472; 2,642,740; 2,685,684; 2,834,419; 2,914,788; and 3,338,512 are now incontestable in accordance with Sections 15 and 33 of the United States Trademark Act, 15 U.S.C. §§ 1065, 1115(b), and, therefore, conclusive evidence of the validity of those registered marks and of their registration, of 7-Eleven's ownership of those marks, and of 7-Eleven's exclusive right to use those marks on or in connection with the identified goods and services.

15.   7-Eleven has registered its aforesaid 7-Eleven Striped Mark in the United States Patent and Trademark Office. Such registrations include, *inter alia*, the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| Flanking 7-Eleven Striped Mark | 2,135,385 | 02/10/1998 | Retail convenience store services |
| 7-Eleven Striped Mark | 2,295,753 | 11/30/1999 | Retail gasoline station services |

6

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| [7-Eleven striped logo] | 3,679,337 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |
| [7-Eleven striped logo] | 3,679,341 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |

The aforesaid registrations are valid, subsisting, owned by 7-Eleven, and Reg. Nos. 2,135,385 and 2,295,753 are now incontestable in accordance with Sections 15 and 33 of the United States Trademark Act, 15 U.S.C. §§ 1065, 1115(b), and, therefore, conclusive evidence of the validity of those registered marks and of their registration, of 7-Eleven's ownership of those marks, and of 7-Eleven's exclusive right to use those marks on or in connection with the identified goods and services.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

16.     7-Eleven realleges and incorporates by reference paragraphs 1-15 of this Complaint.

17.     Long subsequent to the aforesaid acquisition of secondary meaning and fame of 7-Eleven's 7-ELEVEN name, mark, and logo, and of the 7-Eleven Striped Mark, upon information and belief, Defendants, either individually or collectively, commenced simulating the 7-ELEVEN Logo by adopting and using the mark U-MART for convenience store services, in connection with a multicolored logo featuring the colors green, red, and white, with a red "U" traversed by a word element displayed in green capital block letters, all displayed against a white

background within a five-sided shape which tapers at the bottom and is defined by a green border ("U-MART Logo"), as depicted below:



18.     Defendants offer their convenience store services under a store striped mark consisting of three solid stripes in the colors orange, green, and red separated by white breaks ("Defendants' Striped Mark"), displayed flanking the U-MART Logo on store front fascia as depicted below:



19.     Upon information and belief, Defendants adopted the U-MART Logo and the Defendants' Striped Mark for convenience store services in order to deliberately and willfully trade upon the fame and goodwill represented by each of 7-Eleven's aforesaid trade identities.

20.     Defendants' use of each of the U-MART Logo and the Defendants' Striped Mark falsely and deceptively represents that Defendants' convenience store services and products emanate from 7-Eleven, or are connected with, sponsored, or approved by 7-Eleven, and Defendants' use of each is likely to cause confusion with 7-Eleven's or its franchisees' use of 7-Eleven's aforesaid famous 7-ELEVEN Logo and 7-Eleven Striped Mark, or otherwise to cause

8

deception or mistake as to source, sponsorship, or approval of Defendants' aforesaid convenience store services and products.

21. The aforesaid unauthorized use of Defendants' U-MART Logo infringes the federally registered 7-ELEVEN Logo in violation of Section 32 of the United States Trademark Act, 15 U.S.C. § 1114.

22. The aforesaid unauthorized use of Defendants' Striped Mark infringes the federally registered 7-Eleven Striped Mark in violation of Section 32 of the United States Trademark Act, 15 U.S.C. § 1114.

23. Defendants' aforesaid acts are greatly and irreparably damaging to 7-Eleven and will continue to damage 7-Eleven until enjoined by this Court; wherefore, 7-Eleven is without adequate remedy at law.

## COUNT II: FEDERAL UNFAIR COMPETITION

24. 7-Eleven realleges and incorporates by reference paragraphs 1-13, 17-20, and 23 of this Complaint.

25. Defendants' aforesaid acts constitute one or more misleading uses of a word, term, name, symbol, trade dress, or device, or a combination thereof, in violation of Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(a).

## COUNT III: NEW YORK STATUTORY UNFAIR COMPETITION

26. 7-Eleven realleges and incorporates by reference paragraphs 1-13, 17-20, and 23 of this Complaint.

27. The aforesaid unauthorized use of each of Defendants' U-MART Logo and Defendants' Striped Mark constitutes engagement in deceptive trade practices that are greatly

9

damaging to 7-Eleven, in violation of the State of New York's Consumer Protection From Deceptive Acts and Practices Statute, N.Y. Gen. Bus. Law § 349.

## COUNT IV: NEW YORK COMMON LAW UNFAIR COMPETITION

28. 7-Eleven realleges and incorporates paragraphs 1-13, 17-20, and 23 of this Complaint as if specifically set forth at length herein and made a part hereof.

29. Upon information and belief, Defendants have been unjustly enriched by their aforesaid acts.

30. Upon information and belief, Defendants' aforesaid acts have been willful or in reckless disregard of 7-Eleven's aforesaid rights.

31. Defendants' aforesaid acts constitute one or more violations of the common law of unfair competition of the State of New York. *See* N.Y. Gen Bus. Law § 360-o.

## COUNT V: FEDERAL TRADEMARK DILUTION

32. 7-Eleven realleges and incorporates paragraphs 1-15, 17-19, and 23 of this Complaint as if specifically set forth at length herein and made a part hereof.

33. Since long prior to the acts of the Defendants complained of herein, each of the 7-ELEVEN Logo and 7-Eleven Striped Mark became famous within the meaning of Section 43(c)(2) of the United States Trademark Act, 15 U.S.C. § 1125(c)(2).

34. The aforesaid unauthorized use of Defendants' U-MART Logo dilutes the distinctiveness of the 7-ELEVEN Logo in violation of Section 43(c) of the United States Trademark Act, 15 U.S.C. § 1125(c).

35. The aforesaid unauthorized use of Defendants' Striped Mark dilutes the distinctiveness of the 7-Eleven Striped Mark in violation of Section 43(c) of the United States Trademark Act, 15 U.S.C. § 1125(c).

## COUNT VI: NEW YORK TRADEMARK DILUTION

36. 7-Eleven realleges and incorporates paragraphs 1-15, 17-19, and 23 of this Complaint as if specifically set forth at length herein and made a part hereof.

37. Since long prior to the acts of the Defendants complained of herein, each of the 7-ELEVEN Logo and 7-Eleven Striped Mark have acquired a distinctive quality capable of protection under New York's Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-l.

38. The aforesaid unauthorized use of Defendants' U-MART Logo dilutes the distinctive quality of the 7-ELEVEN Logo in violation of New York's Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-l.

39. The aforesaid unauthorized use of Defendants' Striped Mark dilutes the distinctive quality of the 7-Eleven Striped Mark in violation of New York's Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-l.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff 7-Eleven, Inc. prays for judgment against each of the defendants, Medford Mart Inc. and Amandeep Singh, that:

1. Defendant Medford Mart Inc., and each of its directors and officers, including Amandeep Singh, and each of their respective partners, agents, employees, and attorneys, and all those in active concert or participation with any of them, be permanently enjoined from:

    a. using the U-MART Logo;

    b. using the Defendants' Striped Mark;

    c. using any other name, mark, logo, or trade dress displayed in any color combination which includes any word or numeral element traversed by any other word or numeral element displayed against any geometric shaped background;

   d. using any other name, mark, logo, or trade dress displayed in any color combination, with or without additional colors, which includes in combination two or more of the colors red, green, and orange for convenience store or related products or services;

   e. using any name, mark, or logo consisting in whole or in part of the numerals "7" or "11" or the words "seven" or "eleven" for convenience stores or related products or services;

   f. using any other name, mark, or logo which is a reproduction, counterfeit, copy, or colorable imitation of 7-Eleven's 7-Eleven Striped Mark, or 7-Eleven's 7-ELEVEN name, mark, or logo, for convenience stores or related products or services;

   g. doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants, their services, or products emanate from 7-Eleven or are connected with, sponsored by, or approved by 7-Eleven;

   h. doing any other act or thing likely to dilute the distinctiveness of 7-Eleven's trade identities including the 7-Eleven Striped Mark, and the 7-ELEVEN name, mark, or logo; and

   i. aiding or assisting any person engaging in any of the acts prohibited by sub-sections (a) through (h) above.

  2. Defendants Medford Mart Inc. and Amandeep Singh be required, jointly and severally, to pay to 7-Eleven the following:

   a. in accordance with 15 U.S.C. § 1117(a), three times such damages as 7-Eleven has suffered as a result of Defendants' acts of infringement, unfair competition,

and dilution, three times all profits wrongfully derived by Defendants from such acts, and 7-Eleven's costs, including reasonable attorney's fees;

      b.      in accordance with N.Y. Gen. Bus. Law § 349, restitution and actual damages suffered as a result of Defendants' acts of unfair competition, as well as 7-Eleven's reasonable attorney's fees; and

      c.      in accordance with the common law of the State of New York, restitution and actual damages suffered as a result of Defendants' acts of unfair competition, as well as punitive damages in a sum sufficient to deter future acts of unfair competition.

3.      Defendants Medford Mart Inc. and Amandeep Singh be required, in accordance with 15 U.S.C. § 1118, to deliver up to 7-Eleven for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in its, his or their possession bearing the U-MART Logo, the Defendants' Striped Mark, or any other reproduction, counterfeit copy or colorable imitation of 7-Eleven's 7-Eleven Striped Mark, 7-ELEVEN name, mark, or logo, and all plates, models, matrices, and other means of making same.

4.      7-Eleven have such other and further relief as the Court deems just and equitable.

Dated: May 29, 2015

Respectfully submitted,

/s/ Anne B. Sekel

Anne B. Sekel
asekel@foley.com
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone: 212-682-7474
Fax: 212-687-2329

*Attorneys for Plaintiff, 7-Eleven, Inc.*

Charles R. Mandly, Jr.
cmandly@foley.com
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone: 312-832-4500
Fax: 312-832-4700

OF COUNSEL